UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-854-ODW(CW) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Brian Moffitt v. Warden | | |

| Present: The Honorable | Carla Woehrle, United States Magistrate Judge | | |
|---|---|---|---|
| Donna Y. Thomas | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings:**     (In Chambers)

     On June 9, 2010, the pro se petitioner filed a petition for writ of habeas corpus. The petition is subject to dismissal, on its face, for the following reasons.

(a)   Petitioner appears to be in state custody, and to be challenging the legality of that custody in a habeas petition. (If he seeks monetary damages, he is advised that he cannot obtain such relief in a habeas action.) However, he has not identified the nature of that custody. There are two statutes under which a person may challenge the legality of state custody in a habeas action in federal court. A person in custody under a state court judgment may proceed under 28 U.S.C. § 2254; a person in state custody under some basis other than a state court judgment may proceed under 28 U.S.C. § 2241. See Stow v. Murashige, 389 F.3d 880, 886 (9th Cir. 2004); White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004); McNeely v. Blanas, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Because Petitioner has not made clear the basis for his custody, it is not clear whether this action falls under § 2254 or § 2241.

(b)   Petitioner has not established personal jurisdiction by naming a proper respondent (normally a specific official, such as a warden or director, with the power to order Petitioner's release). 28 U.S.C. § 2242; 28 foll. § 2254, Rule 2.

(c)   Petitioner has not clearly stated a claim that he is in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2242, 2254(a).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 10-854-ODW(CW) | Date | January 4, 2011 |
|---|---|---|---|
| Title | Brian Moffitt v. Warden | | |

(d)   Petitioner has not shown that he has exhausted available state court remedies.  For § 2254 petitions the exhaustion requirement is defined at 28 U.S.C. § 2254(b)-(c).  For § 2241 petitions by persons in state custody there is a common law exhaustion requirement.  See, e.g., McNeeley, 336 F.3d at 825-26.

(e)   Petitioner has not used one of the form petitions authorized by this court for § 2254 or § 2241 cases.  Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254, Rule 2(d); Local Rule 83-16.1.

**IT IS THEREFORE ORDERED** as follows.

1.   On or before January 28, 2011, Petitioner shall show cause, in writing, why the petition should not be summarily dismissed for the reasons stated above.

2.   To proceed with this action, Petitioner must (a) explain whether he is in custody under a state court judgment or on some other basis; (b) identify a custodial official (such as a warden or director) who would be a proper respondent; (c) state how his custody is in violation of the federal constitution or laws; and (d) show that he has met the exhaustion requirement.  If Petitioner can satisfy these conditions, this court will grant him leave to file an amended petition using (e) the proper form petition.

3.   If Petitioner does not timely comply with this order, this action will be subject to dismissal for failure to prosecute, as well as for the reasons stated above.

cc:   Brian Moffitt
      Reg # 1629153
      Patton State Hospital
      3102 E. Highland Ave.
      Patton, CA 92369