**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

BRIAN MOFFITT,          )    No. EDCV 10-854-AHS(CW)
                       )
          Petitioner,   )
                       )    ORDER DISMISSING PETITION
      v.            )    FOR WRIT OF HABEAS CORPUS
                       )    (28 U.S.C. § 2254)
WARDEN,              )
                       )
          Respondent,   )
_____)

    For reasons stated below, the petition is dismissed without prejudice.

**BACKGROUND**

    The pro se petition is in custody at Patton State Hospital, in Patton, California, in this district.  On June 9, 2010, Petitioner filed a petition for writ of habeas corpus. [Docket no. 1.]  In a minute order filed January 4, 2011 (docket no. 4), the court found the petition subject to dismissal, on its face, for the following reasons:

    (a)   Petitioner appears to be in state custody, and to be challenging the legality of that custody in a habeas petition.  (If he seeks monetary damages, he is advised

1

that he cannot obtain such relief in a habeas action.) However, he has not identified the nature of that custody. There are two statutes under which a person may challenge the legality of state custody in a habeas action in federal court. A person in custody under a state court <u>judgment</u> may proceed under 28 U.S.C. § 2254; a person in state custody under some basis other than a state court judgment may proceed under 28 U.S.C. § 2241. <u>See</u> <u>Stow v. Murashige</u>, 389 F.3d 880, 886 (9th Cir. 2004); <u>White v. Lambert</u>, 370 F.3d 1002, 1006 (9th Cir. 2004); <u>McNeely v. Blanas</u>, 336 F.3d 822, 824 n.1 (9th Cir. 2003). Because Petitioner has not made clear the basis for his custody, it is not clear whether this action falls under § 2254 or § 2241.

(b) Petitioner has not established personal jurisdiction by naming a proper respondent (normally a specific official, such as a warden or director, with the power to order Petitioner's release). 28 U.S.C. § 2242; 28 foll. § 2254, Rule 2.

(c) Petitioner has not clearly stated a claim that he is in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2242, 2254(a).

(d) Petitioner has not shown that he has exhausted available state court remedies. For § 2254 petitions the exhaustion requirement is defined at 28 U.S.C. § 2254(b)-(c). For § 2241 petitions by persons in state custody there is a common law exhaustion

2

1    requirement.  <u>See</u>, <u>e.g.</u>, <u>McNeeley</u>, 336 F.3d at 825-26.

2    (e)   Petitioner has not used one of the form petitions

3          authorized by this court for § 2254 or § 2241 cases.

4          Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254,

5          Rule 2(d); Local Rule 83-16.1.

6    [Docket no. 4.]

7        The court ordered Petitioner to show cause, on or before January

8    28, 2011, why the petition should not be summarily dismissed for the

9    reasons stated above, with detailed instructions on how to correct the

10   facial defects in the petition.  [<u>Id.</u>]  The court also informed

11   Petitioner that, if he could satisfy the stated conditions, the court

12   would grant him leave to file an amended petition, but that, if he did

13   not comply with the order to show cause, his action would be subject

14   to dismissal for failure to prosecute, as well as for the reasons

15   stated above.  Petitioner has not responded to the order to show

16   cause, or otherwise communicated with the court, and the time allotted

17   for doing so has expired.

18                            **DISCUSSION**

19       It is well established that district courts have authority to

20   dismiss actions for failure to prosecute or to comply with court

21   orders.  Fed. R. Civ. P. 41(b); <u>Link v. Wabash Railroad Co.</u>, 370 U.S.

22   626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)(authority to

23   dismiss for failure to prosecute necessary to avoid undue delay in

24   disposing of cases and congestion in court calendars); <u>Ferdik v.</u>

25   <u>Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992)(district court may

26   dismiss action for failure to comply with any court order).

27       In deciding whether to dismiss for failure to prosecute or to

28   comply with court orders a district court must consider five factors:

3

1   "(1) the public's interest in expeditious resolution of litigation;
2   (2) the court's need to manage its docket; (3) the risk of prejudice
3   to the defendants; (4) the public policy favoring disposition of cases
4   on their merits; and (5) the availability of less drastic sanctions."
5   Omstead, 594 F.3d at (quoting Henderson v. Duncan, 779 F.2d 1421, 1423
6   (9th Cir. 1986)); see also In re Eisen, 31 F.3d 1447, 1451 (9th Cir.
7   1994)(failure to prosecute); Ferdik, 963 F.2d at 1260-61 (9th Cir.
8   1992)(failure to comply with court orders).

9       In the present action, the first two factors -- public interest
10  in expeditious resolution of litigation and the court's need to manage
11  its docket -- weigh in favor of dismissal.  Petitioner has not
12  responded to the court's order to show cause despite being warned of
13  the consequences of such failure.  This hinders the court's ability to
14  move this case toward disposition, and suggests that Petitioner does
15  not intend to litigate this action diligently.

16      The third factor -- prejudice to the opposing parties -- also
17  weighs in favor of dismissal.  A rebuttable presumption of prejudice
18  arises when a petitioner unreasonably delays prosecution of an action.
19  See Eisen, 31 F.3d at 1452-53.  Nothing suggests that such a
20  presumption is unwarranted in this case.

21      The fourth factor -- public policy in favor of deciding cases on
22  the merits -- ordinarily weighs against dismissal.  However, it is
23  Petitioner's responsibility to move towards disposition at a
24  reasonable pace, and avoid dilatory and evasive tactics.  See Morris
25  v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).  Petitioner has
26  not discharged this responsibility, despite having been instructed on
27  his responsibilities, granted sufficient time in which to discharge
28  them, and warned of the consequences of failure to do so.  In these

4

1  circumstances, the policy favoring resolution of disputes on the

2  merits does not outweigh Petitioner's failure to obey court orders or

3  to file responsive documents within the time granted.

4       The fifth factor -- availability of less drastic sanctions --

5  also weighs in favor of dismissal.  The court cannot move the case

6  toward disposition without Petitioner's compliance with court orders

7  or participation in this litigation.  Petitioner has shown that he is

8  either unwilling or unable to comply with court orders by filing

9  responsive documents or otherwise cooperating in prosecuting this

10 action.  Other possible sanctions for Petitioner's failures are not

11 appropriate with respect to a <u>pro se</u> litigant in custody.

12      Under these circumstances, dismissal for failure to prosecute is

13 appropriate.  Such a dismissal should not be entered unless a litigant

14 has been notified that dismissal is imminent.  <u>See</u> <u>West Coast Theater</u>

15 <u>Corp. v. City of Portland</u>, 897 F.2d 1519, 1523 (9th Cir. 1990).  Here,

16 however, Petitioner was clearly warned about the possibility of

17 dismissal in the court's order to show cause, and failed to respond.

18 Under the circumstances it appears that giving further warning would

19 be futile.

20                                 **<u>ORDERS</u>**

21      **IT IS THEREFORE ORDERED** as follows:

22      1.   This petition for writ of habeas corpus is dismissed,

23 without prejudice, for failure to prosecute.

24      2.   The clerk shall enter judgment accordingly.

25 //

26 //

27 //

28 //

1        3.   The clerk shall serve this order and the judgment herein on

2   all parties or counsel.

3

4   DATE:  February 9, 2011

5

6                                    ALICEMARIE H. STOTLER

7                                    _____
                                       ALICEMARIE H. STOTLER
                                     United States District Judge

8   Presented by:

9   Dated:  February 7, 2011

10

11  *Carla M. Woehrle*

12  _____
       CARLA M. WOEHRLE
13  United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6